[No. 24666. Department One. December 19, 1933.]

PACIFIC MERCANTILE AGENCY, INC., *Appellant*, v. M. A. KEYES *et al.*, *Respondents.*[1]

*R. W. Greene,* for appellant.

*Abrams, Healy & McCush* and *John J. Pinckney,* for respondents.

[1]Reported in 27 P. (2d) 1105.

MITCHELL, J.—On March 26, 1929, the Pacific Mercantile Agency, a corporation, recovered judgment in the superior court against W. H. Bishop and wife. On January 18, 1930, the judgment creditor filed the statutory affidavit for a writ of garnishment against M. A. Keyes. In March, 1930, M. A. Keyes filed an answer alleging that, at the time the writ was served and at the time of making answer, he was not indebted to Bishop or his wife, or either of them, and that he had no personal property or effects belonging to them or either of them; and then further alleged that Bishop and wife claimed damages against him by reason of an automobile collision, but he denied all liability on account of such collision.

In September, 1932, upon plaintiff's amended reply to the answer, together with an application on the part of the plaintiff, an order was entered September 21, 1932, bringing in the American Motorists Insurance Company of Chicago as a party to the action. That company, hereinafter spoken of as the insurance company, appeared in the garnishment action. In April, 1933, the plaintiff filed a further amended reply, alleging that, at the date of the automobile collision referred to, M. A. Keyes carried automobile liability and indemnity insurance with the insurance company just mentioned; that, when the writ of garnishment was served on M. A. Keyes, he referred it to the insurance company, requesting it to adjust the claim of damage under the policy of insurance; that, in December, 1931, plaintiff and M. A. Keyes first learned that the insurance company had admitted to Bishop its liability under the insurance policy on account of the collision, and that it had, on *September 26, 1930,* settled with Bishop on account of personal injuries and property damage suffered by him in the collision.

A general demurrer on the part of each, M. A.

Keyes and the insurance company, was filed to this amended reply, and was sustained. Thereupon, judgment was entered in favor of M. A. Keyes and the insurance company, and awarding them statutory costs of suit. The plaintiff has appealed.

No formal assignment of error is made in appellant's brief, which is devoted to a discussion of the question whether a contingent, uncertain claim in tort in favor of a judgment debtor against a third person can be reached by a judgment creditor by statutory garnishment proceedings. In our opinion, that question is not here, because of the state of the pleadings.

■ ■ So far as the respondent insurance company is concerned, no writ of garnishment was sued out against it, nor was any injunction or restraining order entered preventing it from settling, by way of compromise or otherwise, any alleged claim against it in connection with the policy of insurance it had issued. Indeed, according to the allegations of appellant's last amended reply, upon which the action was disposed of, the insurance company settled with Bishop on *September 26, 1930,* five days less than two years before the insurance company was made a party to the garnishment action.

■ As to the garnishee defendant M. A. Keyes, his liability or non-liability under the pleadings is to be ascertained by the terms of the statutory remedy of garnishment, and whether tested by the commanding language of the writ, Rem. Rev. Stat., § 685, or the liability of the garnishee defendant after service of the writ, as defined in Rem. Rev. Stat., § 688, the result is the same, viz:

"From and after the service of such writ of garnishment, it shall not be lawful for the garnishee to pay to the defendant any debt or to deliver to him any effects, nor shall the garnishee if an incorporated or

joint stock company, in which the defendant is alleged to be the owner of shares or to have an interest, permit or recognize any sale or transfer of such shares or interest; . . ."

The respondent M. A. Keyes has not paid defendant Bishop anything, nor delivered to him any personal property or effects, nor is the garnishee an incorporated or joint stock company. He has at all times, by his answer, denied that he was indebted to the appellant, and the only reply to that allegation, the one upon which the action was heard and disposed of, affirmatively showed that, without the knowledge of M. A. Keyes, another party, because of its own supposed liability or danger of being sued, settled with Bishop with respect to a contingent, unliquidated claim asserted against M. A. Keyes.

There is no allegation of any fraud or deceit in the case. At the trial, it clearly appeared that neither of the respondents was indebted to appellant's judgment debtor, Bishop, and that neither of them had violated any process, writ or order of the court.

Judgment affirmed.

BEALS, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.